DOMINICK NESCI, administrator, *vs.* NICHOLAS ANGELO.

Suffolk. March 20, 1924. — June 12, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Agency,* Scope of employment. *Negligence,* Of proprietor of drug store, Causing death. *Pharmacist. Evidence,* Competency.

At the trial of an action by an administrator against the proprietor of a drug store for the causing of the death of the plaintiff's intestate as the result of poisoning by strychnine, there was evidence tending to show that a prescription was wrongly compounded by a clerk in the employ of the defendant and strychnine was put in the medicine instead of styptocin. There was evidence tending to show that the clerk was instructed that he was employed merely to sell cigars, candy, toilet articles and patent medicines, and that under no circumstances was he to put up prescriptions. He was not registered under G. L. c. 112, § 24. The defendant lived near-by and there also was a registered pharmacist employed in the store when the defendant was away. At the time the prescription was presented, the unregistered clerk alone was in the store. There was a sign in the store, " Prescriptions filled." The physician who wrote the prescription testified that he knew the clerk and frequently had seen him fill prescriptions. After the death of the plaintiff's intestate, the defendant was summoned by telephone to talk with the physician and the clerk, and was shown a bottle from which the clerk then stated the prescription was filled. The defendant offered the bottle in evidence, and it was excluded subject to the defendant's exception. The clerk did not testify. There was a verdict for the plaintiff. *Held,* that

(1) The bottle properly was excluded, the evidence relating to it resting wholly upon the clerk's statement made out of court;

(2) There was evidence warranting a finding that the clerk was acting within the scope of his employment in filling the prescription;

(3) The verdict for the plaintiff was warranted.

TORT by the administrator of the estate of Elizabeth Nesci against the proprietor of a drug store for causing the conscious suffering and the death of the plaintiff's intestate

as a result of poisoning by strychnine. Writ dated August 19, 1920.

In the Superior Court, the action was tried before *Lawton,* J. Material evidence and exceptions saved by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $500 for the conscious suffering of the decedent, and in the sum of $5,500 for causing her death. The defendant alleged exceptions.

The case was submitted on briefs.

*J. T. Zottoli,* for the defendant.

*J. E. Crowley,* for the plaintiff.

WAIT, J. This is an action brought against the proprietor of a drug store by the administrator of Elizabeth Nesci for negligence resulting in her conscious suffering and death.

There was evidence to show that Elizabeth Nesci died from the administration of strychnine contained in a medicine obtained at the drug store of the defendant and compounded by one DiNapoli, then in his employ. The prescription called for styptocin as one of the ingredients; and the presence of strychnine was due to a substitution of strychnine for styptocin in compounding the medicine. Strychnine is a deadly poison, and is never given in doses exceeding one twentieth of a grain. Styptocin does not contain strychnine, and the prescription called for a dose of two grains.

The defendant contended that DiNapoli had no authority to put up the prescription and was not acting within the scope of his employment in compounding it. There was evidence that, when employed, DiNapoli was instructed that he was employed merely to sell cigars, candy, toilet articles, patent medicines and such articles, but under no circumstances was he to put up prescriptions. He was not registered in Massachusetts under G. L. c. 112, § 24, as a pharmacist; and no inquiry was made in regard to his registration elsewhere. The defendant, himself registered, lived above the store and could be called at any time to fill prescriptions; and a registered pharmacist also was employed to be in the store when the defendant was away.

On the afternoon in question the defendant left the store about one o'clock and did not return till about six o'clock.

He left DiNapoli alone in the store. There were signs: "Prescriptions filled." No one but DiNapoli was in the store when the prescription was left with him to be filled, and no one but DiNapoli was there when the medicine was delivered by him. The defendant testified that he left a telephone number by which he could be summoned if any prescriptions were presented, in his absence, to be filled. Dr. Shain, who wrote the prescription, testified that he knew DiNapoli, and frequently had seen him filling prescriptions in the store.

Immediately after the death of Mrs. Nesci, Dr. Shain went to the drug store and talked with DiNapoli. The defendant was summoned by telephone, and, after meeting them at Dr. Shain's office, went with them to the drug store where he was shown a bottle from which DiNapoli stated the prescription was filled. He offered the bottle in evidence, but, on objection by the plaintiff, it was excluded.

The defendant excepted to this ruling and also to the refusal of the judge to direct the jury as follows:

" 1. There is no evidence in this case which would warrant the jury in returning a verdict for the plaintiff, and the verdict must therefore be for the defendant.

" 2. On all the evidence in this case the jury must return a verdict for the defendant.

" 3. There is no evidence in this case that the defendant or his duly authorized agents were negligent, and the verdict must be for the defendant.

" 4. There is no evidence in this case that Salvatore DiNapoli acted within the scope of his employment and the verdict must therefore be for the defendant."

The judge instructed the jury fully on the law applicable to the various issues of the case, and no exceptions were claimed to the charge. The jury found for the plaintiff.

These exceptions must be overruled. The defendant was not prejudiced by the exclusion of the bottle offered in evidence. DiNapoli did not testify. The evidence connecting the bottle with the case rested wholly upon his statement made out of court. It was hearsay and inadmissible. There was no offer to connect the bottle in any other way. It is

difficult to see how the evidence could have assisted the defendant, had it been admitted.

The court could not give the requests if there were any evidence to show that DiNapoli was acting within the scope of his authority, and was negligent.

It is clear from the foregoing statement of the evidence that the jurors could believe that DiNapoli had many times filled prescriptions; that they could disbelieve that he had been instructed never under any circumstances to fill them; and that they could find that he possessed, in fact, from his employer, all the authority which leaving him as the only employee in a store which openly advertised to fill prescriptions would imply. Furthermore they could find he. had been negligent in substituting strychnine for styptocin.

The judge was right in his rulings and the entry must be

*Exceptions overruled.*